UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIBRIL L. IBRAHIM
A.K.A GRANT ANDERSON, JR.

    Petitioner

v.

UNITED STATES OF AMERICA

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

WARDEN. HELEN MARBERRY

    Respondents

NO. (MS

Case: 1:08-cv-02130
Assigned To : Unassigned
Assign. Date : 12/8/2008
Description: Habeas Corpus/2255

FILED
DEC - 8 2008
Clerk, U.S. District and
Bankruptcy Courts

PETITION FOR WRIT OF HABEAS CORPUS IN SUPPORT
OF MOTION FOR TEMPORARY RELIEF FROM
THE INJUNCTION IMPOSED JUNE 1993 AGAINST PETITIONER

Comes now the petitioner, pro-se, and states:

In support of my motion that I should be granted temporary relief from being further barred. I submit my habeas corpus petition.

Respectfully Submitted

*Jibril L. Ibrahim*
P.O. Box 33
Terre Haute, In. 47808

CERTIFICATE OF SERVICE

The above was mailed, together with habeas corpus petition and memorandum of law in support of habeas corpus, first class, certified mail, this 21 day of October 2008, to: U.S. District Court, c/o Honorable Rosemary Collyer, U.S. Courthouse, 333 Const. Avenue N.W., Wash., D.C. 20001.

*Jibril L. Ibrahim*
Cm # 7007 2560 0002 7861 7613
Pro-Se Petitioner

RECEIVED
OCT 23 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIBRIL L. IBRAHIM  08587-007
A.K.A. GRANT (NMI) ANDERSON, JR.
D.C.D.C.  # 166-978
U.S.P. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, INDIANA 47808

No. _____

MS # 90-2090 (Collyer, J.)

Petitioner

v.

UNITED STATES OF AMERICA

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
U.S. DEPARTMENT OF JUSTICE
TENTH AND CONSTITUTION AVENUE N.W.
WASHINGTON, D.C. 20530

WARDEN HELEN MARBERRY
U.S.P. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, INDIANA 47808

Respondents

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C.A. SECTIONS 2241(a)(C)(1) AND 2243

1. Place of detention: U.S.P. Terre Haute, P.O. Box 33, Terre Haute Indiana 47808

2. Name and location of court which imposed sentence: D.C. Superior Court.

3. The indictment number and description of offense for which sentence was imposed: F-7226-88 (Walton, J.), Attempt sexual assault, assault on a police officer while armed with a knife and two counts of burglary I while armed.

4. The date when sentence was imposed and the terms of sentence: October 27, 1988.  Life in prison, plus ten years consecutive.

5. The sentence was imposed following a not guilty plea.

6. If you pled not guilty, state whether you had a jury trial or a judge trial. Jury trial.

7. Did you appeal the judgment of conviction and sentence? Yes.

8. List:

   (a) the name of each court to which you appealed.

      (i) D.C. Court of appeals for the District of Columbia

   (b) the outcome:

      (i) affirmed in part, vacated sentence and remanded for re-sentencing.

   (c) the date of the outcome :

      (i) Feburary 28, 1990

   (d) citations

      (i) unpublished opinion

9. State concisely the grounds on which you based your allegations that you are being held in custody unlawfully.

   (a) The petitioner is being held unlawfully under or by color of the authority of the United States. Actual innocence and miscarriage of justice claims are widely regarded as exceptions to rules governing finality of judgments. Such claims are cognizable in 2241 habeas corpus.

10. State concisely the facts supporting the claims set forth in number 9 above.

See attached memorandum of law in support of Petition for Writ of Habeas Corpus, a copy of which is attached hereto and incorporated by reference herewith.

11. have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28,, United States Code, or motions with respect to this conviction? Yes.

2.

12. If you answered yes to number 11, list the following with respect to each petition, motion, or application:

(a) the specific nature thereof: Actual Innocence Protection Act and Independent Action motion: based on actual innoncence coupled with a constitutional violation and miscarriage of justice claims based on falsification of a criminal complaint by police officer posing as a deputy clerk of Superior Court to bring about an indictment against the petitioner, and other due process and equal protection of law claims.

(b) the name and location of each court in which each was filed: D.C. Superior Court and D.C. Court of Appeals.

(c) the disposition thereof: Denied

(d) the date of such disposition: May $06$, 2008

(e) citations to any written opinion or orders: N/A

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and its was denied, state why your remedy by way of motion is inadequate or ineffective to test the legality of your detention: N/A.

14. Has any ground set forth in number 9 been previously presented to this or any federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion, or application? No.

15. If you answered yes to number 14, identify: N/A

16. Were you represented by an attorney at anytime during:

(a) arraignment and plea: Yes

(b) trial: Yes

(c) Sentencing: Yes

3.

(d) appeal: Yes

(e) post conviction petitions, motions, etc: pro-se

17. If you answered yes to number 16, states:

(a) the name and address of each attorney who represented you:
(1) Mark Rochon, address unknown; Avis E. Buchanan 633 Indiana Ave., N.W., Wash., D.C. 20004; J Herbie Di Fonzo, 110 North Royal Street, Alexandria, Va.

(b) the proceedings at which each listed attorney represented you:
Rochon, arraignment; Buchanan, trial, sentencing; Di Fonzo, direct appeal.

WHEREFORE, petitioner prays that this Court grant petitioner relief to which he is entitled in this proceedings.

I, Jibril L. Ibrahim (AKA Grant (NMI) Anderson Jr.) state under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.
Executed On: 10-20-08

Signature: *Jibril R. Ibrahim*

CM #7007 2560 0002 7861 7613

4.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIBRIL L. IBRAHIM 08587-007
AKA GRANT ANDERSON, JR. 166-978
P.O. Box 33
TERRE HAUTE, INDIANA 47808

    Petitioner

v.

UNITED STATES OF AMERICA

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
U.S. DEPARTMENT OF JUSTICE
10TH AND CONSTUTION AVE. N.W.,
WASH., D.C. 20530

WARDEN HELEN MARBERRY
U.S.P. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, INDIANA 47808

    Respondents

CASE NO. _____
(MS # 90- CV - 2090-Collyer,J)

**MEMORANDUM IN SUPPORT OF**
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 USCA SECTIONS 2241 (a)(C)(1) AND 2243

Jibril L. Ibrahim (Grant (NMI) Anderson Jr.,) hereby moves this Court to grant habeas corpus on the following grounds:

1. The petitioner's custody is unlawfully restrained under or by color of authority of the United States and, in violation of due process and equal protection of law.

II. STATEMENT OF THE CASE

On March 30, petitioner tendered to the D.C. Superior Court an Application for Leave to File together with a Motion for relief under the Innocence Protection Act of 2001, and as an Independent Action, in Criminal Number F-7226-88.

On April 7, 2006, the case was assigned to Judge Robert Richter, who denied leave to file and the motion under D.C. Code 22-4131 - 35 et seq, but, however, never addressed the independent action jurisdiction under Beggerly v. U.S., 524 U.S. 38 (1998).

2.

A timely appeal was noted, and the case was assigned No. 06 -CO- 603, Anderson v. United States, before: Kramer, Thompson, Associate Judges and Nebeker, Sr. Judge. On August 3, 2007, the D.C. Court of Appeals affirmed the lower court's denial and ruling.

Petitioner Ibrahim filed a timely rehearing en banc petition in which the Clerk's of the Court refused (and never) filed, notwithstanding receiving the same 7003 3110 0006 1297 4976, certified mail. The D.C. Court of Appeals Panel asserverated that the Docket Entry failed to demonstrate such a motion or petition was received and filed. Petitioner recently submitted an application for leave to file certiorari to Chief Justice, John Roberts, U.S. Supreme Court, requesting belated writ of error, or or about September 2008, obsttucted by Clerk Higgins, Clayton.

II. PROCEDURAL BACKGROUND

A criminal prosecution was suspiciously initiated against Grant William Anderson Jr. (not the name of the petitioner whose name is: Grant (NMI) Anderson, Jr.)) by a D.C. Police Officer posing as a deputy clerk of the D.C. Superior Court - - sanctioned at the behest of the U.S. Attorneys Office, Assistant U.S. Attorney Jerry D. Massie.

Based upon this spurious document, a purported indictment was handed down after petitioner was ordered to appear before a D.C. Grand Jury, July 1988, to testify against himself (self-incriminate) or face contempt charges from Superior Court (retired) Judge Reggie B. Walton.

Prior to Grand Jury appearance, petitioner personally requested appointment of counsel from Jerry Massie to no avail. Because petitioner refused to testify against himself before a D.C. Grand Jury, AUSA Massie requested that Walton hold petitioner in civil/criminal comtempt in August 1988.

3.

Eventually, a doctored indictment was returned against Grant William Anderson, Jr., for one count of Assaulting a Police Officer while armed with a knife. . . later purportedly superceded by additional charges of two counts of Burglary I while armed with knife, attempt sexual assault while armed with a knife and assault on a police officer . . . stemming from a night-time burglary of a resident. . . resulting in petitioner being shot in the chest by Officer Albert Bradford, see Anderson v. District of Columbia, and Bradford, et al, No. CA 90-2276-LFO.

Petitioner was subsequently compelled to face trial (despite his protestations of 'actual innocence' and his defense, innocent presence) for charges committed by Grant William and Grant M. Anderson (a fugitive from California hiding in the District of Columbia the night in question).

Upon presenting eyewitness testimony, via Robert Johnson (who actually came and picked up petitioner at petitioner mother's house close to twelve midnight) that petitioner was left inside of his car (drunk) while he (Johnson) went to make a drug score. The trial concluded in Petitioner's convictions on all counts, September 7, 1988, after commencement on August 31, 1988.

On direct review (appeal), No. 88-1522, petitioner's appeal presented three frivolous issues, through Attorney J. Herbie Di Fonzo. . . who (by deficient performances) failed to argue double jeopardy (two convictions for Burglary I stemming from one entry), but presented by the Government in its pleadings. Petitioner's appeal was argued February 26, 1988 and, affirmed two days later, February 28, 1988, but remanded with instructions to vacate one of two burglary convictions. See United States v. Grant (NMI) Anderson, No. 88-1522 (unpub. op.)

4.

SPECIFIC EVIDENCE OF ACTUAL INNOCENCE

Petitioner submits that petitioner is actually innocent based on rubric evidence which demonstrates the same.

1. There is evidence in the Second District Metropolitan Police Department radio-run transcripts which described the real culprit as "light-skin" with "blonde or light brown hair". . . a description which does not fit the petitioner.

2. Petitioner has two eyewitnesses, Mr. Robert Johnson and Michael Robinson. Mr. Johnson accompanied petitioner from petitioner's mother house June 22, 1988, drove petitioner to the 2700 block of Wisconsin Avenue N.W., to meet a drug connect kwown to Johnson. Petitioner remained in the vehicle inebriated, after consuming several marijuana cigarettes and a pint of 151 proof Bacardi Rum.

3. Michael Robinson, also an eyewitness, actually saw petitioner exit the vehicle of Mr. Johnson, stagger around the corner or side of 2730 Wisconsin Avenue N..W, heard a loud gunshot, saw officer race from the front of the foray to the side where petitioner had staggered. Mr. Robinson hung around and saw petitioner being ambulanced away. Mr. Robinson was interviewed and introduced to the jury as defense witness, but was threatened by the government's counsel, Jerry D. Massie, with perjury charges and jail time if he testified. Subsequently, Mr. Robinson elected to leave without his testimony being heard or a deposition from trial counsel Avis Buchanan. This is confirmed by trial transcrips inwhich Judge Reggie B. Walton questioned Ms. Avis Buchanan D.C. Public Defender Service ,as to the whereabouts of Mr. Robinson, August 31, 1988. See <u>Anderson v. D.C. Public Defender Service, et al</u>., C.A. No. 90-2090-LFO, 756 F. Supp. 28 (DDC 1989).

5.

4. The complainant, Ms Kathleen Keifer, a neighbor of that building and an eyewitness also to the shooting, Ms. Patricia Mc Hugh each testified that petitioner was not the person, or that, they could not truthfully say that the assailant was petitioner.

5. Ms Keifer stated also that her attacker had **no shirt** on his back and, petitioner had on a Red Nike shirt when shot, with stripes.

6. Ms Keifer also told the Lead Detective (name unknown) and Officer Donald Williams that "petitioner did not touch her sexually."

7. On the morning, in question, my sister and girlfriend Mildred Evans were on the telephone talking when Mildred told [ ] to turn of the news. When she did so, she saw petitioner being lifted on a stretcher. The report said that he was shot after assaulting an officer and, that other people had also been charged with similar crimes as petitoner was the same night... in that same district. See Mc Coy, 760 A,2d 154 (DC 2004).

8. Grant M. Anderson, a fugitive from justice, on the run from California and living in the District of Columbia at the time of these crimes,.. also known as Grant William Andrson, Jr., the person on petitioner Criminal Complaint... is the individual who committed the instant crimes - - not petitioner. Mr. Anderson was committed at Vacaville State Prison in California in 1995, following extradition from the District of Columbia, a facility wholly for child molesters, rapist and sexual predators, etc.

9. Petitioner will also testify that he was not charged with the instant offenses, but Grant William Anderson, Jr., a name never attributed to petitioner... whose name is Grant (NMI) Anderson,Jr., after his father. That petitioner is actually innocent.

10. Finally, Doctor Barbara Morant, an internal at the time who treated

6.

petitioner at Georgetown University Hospital, June 22, 1988, prior to transfer to D.C. General in July 1988, will also testify that petitioner's alcohol content blood level was 0.30 or greater and, therefore, petitioner could not have had the capacity to dive out of a window, run across a garage roof, jump down and, assault an officer with a large bowie knife June 22, 1988, prior to being shot.

11. Morover, there was no description of the assailant given prior to Officer Bradford shooting petitioner in his left lung. In addition, the wallet alleged to have been found in petitioner's pocket after he had passed out from a loss of blood, and the knife found nearby, did not contained any of petitioner's fingerprints notwithstanding no gloves taken from petitioner nor, within proximity.

12. Judge Robert Shuker, before his death told my Attorney, Christopher Hall, if I ever appeared before the D.C. Superior Court again, he woul make sure I did not get away.  This statement was made to counsel after petitioner was acquitted of all charges in Superior Court, where twenty or more witnesses testified against petitioner involving alleged robberies of people in Georgetown, but, nevertheless, petitioner was with Reverend William Pugh.  Since then, detective Goodrich has been after petitioner ever since, and appeared at the hospital to interview petitioner upon being shot, subsequently, recognizing petitioner's name. Grant (NMI) Anderson, Jr. See e.g. Eastridge v. U.S., 372 F. Supp.2d 26 (DDC 2005)(Collyer, J.) 2005 U.S. App. Lexis 21290, No. 05-5291 1/

---

1./ Attestation By: [signature]
I, James Murray have had the opportunity to reviewing Mr. Ibrahim's § 2241 habeas petition. having done so, I concur with an authorization for such filing. It is further recommended that this Court consider appointing Mr. Ibrahim an attorney. See Murray v. Lappin, 2008 U.S. Dist Lexis 6344, U.S. Dist. Court for the Northern District of West Virginia.

13. The criminal complaint for Grant William Anderson Jr., (Not this Petitioner, who is Grant (NMI) Anderson, Jr.) is a forged document signed by a D.C. Police Officer posing as a Deputy Clerk for the Superior Court. The name on the criminal complaint appears to be <u>HENRY US THOMAS</u>, a purported employee who never worked at Superior Court in 1988, see employee records of the Superior Court.

                                      Respectfully Submitted

                                      *Jibril L. Abraham*
                                      Pro Se Petitioner
                                      CM # 7007 2560 0002 7861 7613

7.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION
COMPLAINT

No. F-7226-88

District of Columbia ss:

The undersigned having made oath before me declared that on **or about 22** day of **June**, A.D. 19**88**, at the District aforesaid, one **Grant W Anderson Jr, 2201 Douglas St NE while armed with a dangerous or deadly weapon, did unlawfully make an assault upon one Kathleen Kiefer with the intent to have carnal knowledge of the said Kathleen Kiefer forcibly and against the will of the said Kathleen Kiefer**

In violation of Title **22** Section **501 & 3202** of the District of Columbia Code.

Affiant's Name: _____

Subscribed and sworn to before me this **22** day of **June**, A.D. 19**88**

(~~Judge~~) (Deputy Clerk)
Superior Court of the District of Columbia

**WARRANT**

To the United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:

WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant.

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued _____, 19_____.

CCR: 342-589
ID#: 235-007
Sex: Male
DOB: 2-19-52
Charge: Assault with Intent to Rape while Armed
Date of Offense: On or about 22 Jun 88
Officer: Robert Leapley  Sex 2079
Badge No: _____

FILED
08 2130
DEC - 8 2008
Clerk, U.S. District and Bankruptcy Courts

Judge
Superior Court of the District of Columbia.

OFFICER MUST EXECUTE RETURN:
Officer's Name _____
Time _____
Date _____

Form CD(17)-1558/Feb 87                                                                  h7—P7524B wd116

OFFICE OF THE U.S. ATTORNEY
UNITED STATES
VS
GRANT WILLIAM ANDERSON JR.

The W-1 reports to the Police that on 6/22/88 between 0001 & 0013 hours, her apt was entered, through a open dining room window and the suspect assaulted her at knife point while inside and stole her wallet from her purse.

Subsequent investigation reveals that as the suspect exited the apartment, through the dining room window and ran towards the rear of the building and jumped to the ground. At t point there was a confrontation with a Uniformed member of the MPD and he was shot in the ches

Further investigation reveals that this same subject had entered the complainant W-1 apartment a short time earlier and while inside same assaulted the complainant, at knife point, attempting to rape her in her bedroom.

W-2 saw the suspect at the W-1's diningroom window prior to the break in and als saw this same suspect as he ran towards the rear of the roof, after the burglary and saw him jump from the roof. W-2 also saw the flash and heard the sound of the gunshot taking effect i the suspect.

The suspect was transported to the Georgetown Univ. Hospital, by D.C.F.D. Amb. # where he was admitted for surgery.

Also recovered from the defendant's person was a wallet belonging to the complainant (W-1) with identifying papers inside same.

GRANT WILLIAM ANDERSON JR.
DEFENDANT'S NAME                       CASE   NO.

SUBSCRIBED AND SWORN BEFORE ME THIS   22   JUNE   1988
                                      DAY OF
POLICE OFFICER   2079                 SATUS Thomas
                 BADGE NO              DEPUTY CLERK

EX 2
EX 2

# ROSS & POWELL
ATTORNEYS AT LAW
5704 EAST-WEST HIGHWAY
RIVERDALE, MARYLAND 20737
(301) 864-6969
FAX (301) 864-4147

GREGORY C. POWELL\*†
THOMAS G. ROSS\*†‡

\* MARYLAND
† DISTRICT OF COLUMBIA
‡ FLORIDA

April 18, 1995

EASTERN SHORE OFFICE
118 WEST WATER STREET
CENTREVILLE, MD 21617
(410) 758-1020
FAX (410) 758-3959

310 SIXTH STREET, S.E.
WASHINGTON, DC 20003

Mr. Grant M. Anderson
CA # E63149
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696

Re: Grant M. Anderson v. United States
    Apps. No. 94-SP-881
    Crim. No. SP1121-94

Dear Mr. Anderson:

Please find enclosed a copy of the transcript of proceedings that occurred before Chief Judge Hamilton in the Superior Court of the District of Columbia on Wednesday, June 22, 1994. I just received this document yesterday, having made arrangements to pick it up last week, and basically, while the United States indicated that it was prepared to proceed with the extradition, based upon having received paperwork from the Stat of California indicating that they wanted you returned there, Judge Hamilton indicated that he would appoint other counsel for you on the record, based upon Mr. Rogers' motion to withdraw, which Judge Hamilton granted. I have not received any additional transcripts in this matter; however, in reviewing the record that is on appeal, and the various documentation that you filed, I will begin putting together a draft of any brief that you may wish to have filed in this case.

Should you have any questions, please feel free to contact me. I note that I have not heard from you with respect to the letters that I have sent to you previously. Thank you for your kind attention.

Sincerely,

Gregory C. Powell

GCP/rb
Encl.

Exhibit 2



# Centurion Ministries

221 Witherspoon Street • Princeton, New Jersey 08542 • www.centurionministries.org

February 24, 2005

Jibril L. Ibrahim 08587-007
USP Allenwood
P.O.Box 3000
White Deer, PA 17887

Dear Mr. Ibrahim,

Thank you for writing to us. I am saddened to inform you that we can not help you. We are such a small organization we have had to set strict guidelines for ourselves to function as effectively as possible.

We only consider murder and rape cases, carrying life or death sentences. We consider a life sentence to be 15 years before parole eligibility. We have had to set this boundary due to the great demand for our work and the realization that we simply cannot help everyone. Your case simply does not fall into this category.

We realize that any amount of time an innocent person spends in prison is too long. We deeply regret that we cannot do more for people like you caught up in a wrongful conviction.

I am sorry we cannot help you in your quest for relief from the hardship of your incarceration.

Sincerely,

Nancy Scott
Nancy Levinson

Encl: Documents

Seeking Justice for the Innocent in Prison