**FILED**
DEC - 8 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIBRIL L. IBRAHIM,
a.k.a. GRANT ANDERSON,

    Petitioner,

v.      Civil Action No. **08 2130**

UNITED STATES OF AMERICA, *et al.*,

    Respondents.

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.[1]

Petitioner is serving a life sentence imposed by the Superior Court of the District of Columbia in October 1988. *See* Pet. ¶¶ 1-4. He alleges that he is actually innocent of the crimes for which he was convicted. *See id.* ¶ 9. According to petitioner, the criminal prosecution brought against him is "based on falsification of a criminal complaint by [a] police officer posing as a deputy clerk of Superior Court to bring about an indictment against [him]." *Id.* ¶ 12. Challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

---

[1] The Court grants petitioner's "Motion for Temporary Relief from the Injunction Imposed June 1993 Against Petitioner" for the sole purpose of considering the instant petition for a writ of habeas corpus and application to proceed *in forma pauperis*. In no way shall this grant of leave to file be construed as relieving petitioner of his obligation to comply with the injunction Order currently in effect, *see Anderson v. D.C. Public Defender Serv.*, 881 F. Supp. 663, 671-72 (D.D.C. 1995), or to comply with all provisions of the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915.

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ [signature]
_____
United States District Judge

Date: 11/6/08